■ Lisa Goldstein, Appellant-Respondent, v Orensanz Events LLC et al., Respondents-Appellants. [44 NYS3d 437]—

Order, Supreme Court, New York County (Robert R. Reed, J.), entered June 30, 2015, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint, and denied their motion for summary judgment on the counterclaim for attorney's fees and costs, unanimously modified, on the law, to deny the motion for summary judgment dismissing the complaint, and otherwise affirmed, without costs.

Plaintiff seeks to recover consequential damages allegedly incurred when she was forced to find a new wedding venue on short notice after the venue she initially booked was closed pursuant to a vacate order issued by the New York City Department of Buildings upon a finding that the building was structurally unstable. Defendants, the manager and the owner of the building, moved for summary judgment citing the force majeure clause in the site rental agreement, which provides that if the event must be canceled because of "an order of the Federal, State, or City government or for any reason beyond Owner's control," the client's sole remedy is either another date for the event or a refund. Plaintiff argues that the issuance of the vacate order and the ensuing cancellation were within defendants' control.

While, as the motion court found, the clause as written applies to any cancellation pursuant to a government order regardless of whether the order was unforeseeable or outside defendants' control, it must be interpreted in light of the purpose of force majeure clauses, "to limit damages . . . where the reasonable expectation of the parties and the performance of the contract have been frustrated by circumstances beyond the control of the parties" (*United Equities Co. v First Natl. City Bank*, 52 AD2d 154, 157 [1st Dept 1976], *affd* 41 NY2d 1032 [1977]; *see Macalloy Corp. v Metallurg, Inc.*, 284 AD2d

227 [1st Dept 2001]; *Team Mktg. USA Corp. v Power Pact, LLC*, 41 AD3d 939, 942-943 [3d Dept 2007]; *Phibro Energy, Inc. v Empresa De Polimeros De Sines Sarl*, 720 F Supp 312, 318-320 [SD NY 1989]). Thus, the clause must be interpreted as if it included an express requirement of unforeseeability or lack of control. The vacate order's citation to defendants' failure to maintain the building and the engineer's letter citing overcrowding as a possible cause for the structural failure present issues of fact whether the failure was foreseeable or within defendants' control and therefore whether the force majeure clause applies in this case.

Accordingly, defendants have not complied with their discovery obligations, and further discovery is necessary to determine the cause of the structural failure (*see* CPLR 3212 [f]).

In view of the foregoing, we need not reach the issue of defendants' entitlement to attorneys' fees and costs.

We have considered defendants' remaining arguments for affirmative relief and find them unavailing. Concur—Andrias, J.P., Moskowitz, Kapnick, Webber and Kahn, JJ.